IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DAVID R. ALIFF, | ) | CV 04-30-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |
|_____| ) | |

On May 10, 2005, United States Magistrate Carolyn S. Ostby filed Findings and Recommendation in this matter. Plaintiff, a pro se prisoner, timely objected. Plaintiff is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Aliff was originally convicted of sexual intercourse without consent and attempted deliberate homicide. Aliff appealed and his conviction was upheld. After filed a petition for writ of habeas corpus in the Montana Supreme Court alleging various constitutional errors occurred during his trial. His petition was dismissed since a writ of habeas corpus is not available under state law to attack a conviction or sentence and the Supreme Court could not construe his petition, filed outside the statute of limitations and raising issues that could have been raised on direct appeal, as one seeking postconviction relief.

1

Aliff filed a federal habeas petition raising the same issues he had raised in state court.  Judge Ostby advised Aliff that because he had failed to file a timely petition for postconviction relief in state court, his petition was procedurally defaulted unless he could show cause and prejudice or a fundamental miscarriage of justice.  Aliff responded by claiming that he did not file a timely petition for postconviction relief because he was only recently able to obtain a copy of his Department of Corrections medical file, which he needed to develop his claim that his trial counsel was ineffective for failing to explore the defense of mental disease or defect.  He asserts that he was prejudiced because the defense would have been successful at trial.  He also asserts actual innocence based on what he deems is evidence that he suffers from a mental disease or defect.

Judge Ostby concluded that Aliff has failed to show cause sufficient to excuse his procedural default.  Because Aliff's own filings demonstrate that he knew he needed to file a timely postconviction petition, that he knew the time period within which he had to file the petition, that he is only speculating that he suffers from a mental disease or defect and has no evidence to prove that claim, and that his trial counsel correctly advised him that he had to choose between going to the Sentence Review Board and filing a petition for postconviction relief, Judge Ostby found that Aliff's procedural default could not be excused.  Judge Ostby likewise found that a certificate of

appealability should be denied because Aliff has not made a substantial showing of a denial of a constitutional right.

In his objection to Judge Ostby's findings and recommendation, Aliff cites State v. Torres, 277 Mont. 514, 922 P.2d 1180 (1996), claiming that the case demonstrates that the Montana Supreme Court *can* review a decision of the Sentence Review Board and that his trial counsel's advice that no review was available was erroneous, demonstrating her ineffectiveness. Torres was later superseded by statute, as recognized in Ranta v. State, 288 Mont. 391, 394-95, 958 P.2d 670, 672 (1998). In Ranta, the Montana Supreme Court noted that the amendment to Montana Code Annotated Section 46-21-101(1) deleted those provisions that had previously allowed for review of the Sentence Review Division by a petition for postconviction relief.

> In State v. Torres, this Court held that a petition for post-conviction relief pursuant to § 46-21-101, MCA, or a petition for other extraordinary writ was the proper procedural mechanism for challenging a decision of the Sentence Review Division. Our conclusion that a petition for post-conviction relief was an appropriate mechanism was based in part upon the language of the post-conviction relief statute which provided that in certain circumstances a person could "petition the court that imposed the sentence *or the supreme court* to vacate, set aside, or correct the sentence . . . ." Section 46-21-101(1), MCA(1995). However, that provision of the post-conviction relief statute was amended, effective April 24, 1997. The amendments deleted all provisions that allowed a person to file such a petition directly with this Court. Thus, Torres is no longer controlling to the extent that it holds that filing a petition for post-conviction relief with this Court is a proper mechanism by which to challenge a decision of the Sentence Review Division.

Id. (noting that a petition for extraordinary relief pursuant to

Montana Rule of Appellate Procedure 17 is the only way to challenge a decision by the Sentence Review Division).

Aliff also argues in his objection to the findings and recommendation[1] that the trial court committed structural error by failing to properly instruct the jury regarding the defense of attempt. Montana Code Annotated § 45-4-103, the statute under which Aliff was convicted, sets forth a defense to the crime of attempt:

> (4) A person shall not be liable under this section if, under circumstances manifesting a voluntary and complete renunciation of his criminal purpose, he avoided the commission of the offense attempted by abandoning his criminal effort.

Mont. Code Ann. § 45-4-103(4). In his objection, Aliff states: "For what-ever [sic] reason, the Petition stopped "running over" the victim of the crime. This action of not completing the offense fits squarely into the definition of M.C.A. 45-4-103, (4), and is a defense to the crime as charged." Obj. at 5-6. He contends that the omission from the jury instructions of subsection (4) violated his right to a fair trial.

Given the nature of the crime Aliff was convicted of committing, it was not unreasonable for the trial court to exclude this part of the statutory definition. After raping his victim, Aliff stabbed her and cut her neck, dragged her body to

---

[1] Although it appears that this is the first time Aliff raises this argument, Aliff is a pro se petitioner and this Court will review the supplemental evidence he has submitted. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005).

4

his car, placed her head under his passenger-side tire, and ran over her body an unknown number of times before leaving her to die.  His victim's rib cage was fractured, her internal organs were compressed, and she had tire tracks on her legs.  These circumstances do not, by any stretch of the imagination, evidence a complete renunciation of criminal purpose or abandonment of criminal purpose as defined in Montana Code Annotated § 45-4-103(4).

Upon de novo review of the record, and after considering Aliff's objections, I find no error in Judge Ostby's conclusion that Aliff has not shown cause sufficient to excuse his procedural default and has not made a substantial showing of a denial of a constitutional right in support of his request for a certificate of appealability.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Judge Ostby's Findings and Recommendation (**dkt #** 8) are adopted in full.

2.   Aliff's petition for writ of habeas corpus (**dkt #** 4) is DENIED.

3.   Aliff's request for a certificate of appealability is DENIED.

DATED this   22nd   day of August, 2006.

/s/ Donald W. Molloy
Donald W. Molloy, Chief Judge
United States District Court